IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **GEOMETWATCH CORPORATION, a** Nevada corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>**ALAN HALL, et al.,**<br><br>　　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:14-cv-60-JNP-PMW<br><br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Utah State University Research Foundation's ("USURF") motion to compel discovery related to a company called PILR, LLC ("PILR").[2] PILR was formed by an investor in GeoMetWatch ("GMW") for the sole purpose of investing in and funding this litigation. Other GMW Investors and their related companies are also members of and/or investors in PILR.

USURF served subpoenas duces tecum on the following eight entities: PILR; Hinson Development Corporation; S.L. Hinson Associates, LLLP; Kedge Capital, LLC; Sangha Associates; Design and Production Incorporated; IntelSat Global Service Corporation; and ArgoSat Consulting, LLC (collectively, "PILR Investors"). USURF seeks documents and records regarding the formation and purpose of PILR; any agreements between and among PILR Investors, GMW, and their counsel; and all written communications between and among PILR

---

[1] *See* docket no. 81 and 85.
[2] *See* docket no. 394.

Investors and GMW, from January 2015 to the present. USURF asserts that the documents it seeks are "relevant because they go to the motivation and credibility of witnesses in this case."[3] Specifically, USURF contends that the GMW Investors originally blamed GMW's management for GMW's failure but they have since testified that, upon additional knowledge of the facts, USURF and the other defendants are to blame for GMW's failure. USURF argues that it needs the requested documents in order to impeach the GMW Investors' credibility by asking them about their financial stake in the outcome of the litigation. GMW and PILR Investors object to the subpoenas on the grounds that the documents they seek are protected by the work-product doctrine, the attorney-client privilege, and the common-interest privilege and seek irrelevant and non-proportional information.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining whether the requested discovery is proportional, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In this matter, while the requested discovery may be marginally relevant as PILR was created to help fund the underlying case, the court concludes that requiring PILR Investors to respond to the eight subpoenas would not be proportional to the needs of the case. The funding

---

[3] *Id.* at 4.

agreements and communications between and among PILR Investors are of minimal importance in resolving the underlying claims that the defendants misappropriated GMW's trade secrets and breached various other obligations.  Furthermore, Defendants already possess documents that allegedly support the GMW Investor's previous frustrations with GMW's management.

The Advisory Committee Notes for the 2000 Amendments to Rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery.  Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).  In addition, Rule 1, as amended on December 1, 2015, states that the rules are to be "construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1 (emphasis added).  As stated in the 2015 Amendment to the Committee Notes,

> Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way.  Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure.

Fed. R. Civ. P. 1, Advisory Committee Notes, 2015 Amendment.

In this case, all parties have been permitted to conduct a great deal of discovery already. "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."  *Richards v. Convergys Corp.*, No. 2:05–CV–00790–DAK, 2:05–CV–00812 DAK, 2007 WL 474012, *2 (Feb. 7, 2007 D. Utah) (quoting *Munoz v. St. Mary–Corwin Hosp.*, 221

F.3d 1160, 1169 (10th Cir. 2000).  While the court appreciates USURF's position, it will not permit it to engage in a fishing expedition.  The court encourages the parties to focus on the specific claims and defenses in this matter for the "just, speedy, and inexpensive" resolution of this case.  Fed. R. Civ. P. 1.

Based on the foregoing, USURF's motion to compel is **DENIED**.  As a final note, because the court has determined that the requested discovery is not relevant or proportional to the needs of the case, it is unnecessary for the court to reach the issue of privilege as briefed by the parties.

**IT IS SO ORDERED**.

DATED this 19th day of December, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge