# IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **GEOMETWATCH CORPORATION, a** Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**ALAN HALL, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:14-cv-60-JNP-PMW<br><br><br><br>**District Judge Jill N. Parrish**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are the following Short Form Discovery Motions: (1) GeoMetWatch's ("GMW") Motion to Strike Utah State University Research Foundation d/b/a/ Space Dynamics Laboratory's ("USURF") Tenth and Eleventh Supplemental Initial Disclosures,[2] and (2) Utah State University Advanced Weather Systems Foundation's ("AWSF") and Scott Jensen's (collectively, "AWSF Defendants") Motion to Allow Trade Secret Discovery Beyond the February 1, 2017 Fact Discovery Cutoff.[3] The court has reviewed the motions and memoranda submitted by all parties, and it has determined that it will rule on the motions without a hearing. *See* DUCivR 7-1(f).

### I. GMW's Motion to Strike USURF's Disclosures

GMW moves this court to strike USURF's Tenth and Eleventh Supplemental Initial

---

[1] Dkt. Nos. 81 and 85.
[2] Dkt. No. 486.
[3] Dkt. No. 491.

Disclosures on the ground that they are untimely and they disclose for the first time USURF's damages calculations against GMW and David Crain, 13 individuals who are likely to have discoverable information, and over 70,000 pages of documents to support its claims and/or defenses. GMW asserts that USURF recently argued that GMW's supplemental damages calculations were untimely even though GMW provided it months before the fact discovery deadline. GMW asks the court to either completely strike USURF's disclosures or permit GMW to take an untimely deposition regarding USURF's disclosures. GMW notes that USURF agreed to allow GMW to take a short deposition but states that the parties could not agree on the scope.

In response, USURF asserts that it offered a four-hour deposition regarding USURF's damages disclosures and that it was in negotiations with GMW regarding the topics to be covered when GMW filed the instant motion. USURF also argues that its efforts to define the scope of the deposition are not at all analogous to Defendants' collective efforts to strike or refine GMW's damages calculations because GMW's disclosures were far more complex than USURF's disclosures and Defendants' objections were timely while GMW first requested USURF's deposition six weeks after the close of fact discovery. USURF also argues that the information contained in its disclosures is not a surprise to GMW: the documents referenced in it were produced over a year ago and the individuals listed who may have discoverable information are well known to GMW. Lastly, the documents produced with USURF's disclosures are mostly publicly available technical documents, scholarly and news articles, NOAA licenses, and press releases.

The court **GRANTS IN PART AND DENIES IN PART** GMW's motion. Specifically,

the court denies the motion to strike USURF's Tenth and Eleventh Supplemental Initial Disclosures and grants GMW's request for an out of time deposition. GMW may conduct a five-hour deposition limited to those individuals and documents as set forth in USURF's Tenth and Eleventh Supplemental Initial Disclosures. GMW is not required to disclose every document it anticipates using the in the deposition but GMW is ordered to provide general categories of documents and areas of inquiry for which it seeks the deposition. The deposition must be completed on or before June 30, 2017.

**II. AWSF Defendants' Motion to Allow Trade Secret Discovery after Deadline**

AWSF Defendants seek to conduct discovery regarding GMW's Second Amended Trade Secret Disclosure ("SATSD") that GMW did not provide until March 22, 2017. AWSF Defendants assert that now that GMW has finally identified which trade secrets they are alleged to have misappropriated (all but one), they should be entitled to conduct discovery with regards to the SATSD. AWSF Defendants request that they be allowed to use their remaining discovery requests to do so. Specifically, AWSF has 4 interrogatories, 14 requests for production and 30 requests for admission remaining; and Mr. Jensen has 9 interrogatories, 18 requests for production, and 30 requests for admission remaining.

In response, GMW asserts that AWSF Defendants have been on notice since the beginning of this litigation that GMW was accusing them of misappropriating the entirety of GMW's business. GMW argues that the SATSD does not present any new information, and AWSF Defendants' prior discovery requests are sufficiently broad to allow them to investigate GMW's claims against them. GMW urges this court to deny AWSF Defendants' motion for

3

additional discovery as they could have conducted this discovery prior to the fact discovery cutoff and if there were deficiencies in GMW's responses to AWSF Defendants' propounded discovery, the proper remedy is to bring those deficiencies to the court's attention.

While the court understands GMW's position, it does not agree with it. Because GMW failed to provide the SATSD until nearly two months after the fact discovery deadline and after being ordered repeatedly to do so, the court **GRANTS** AWSF Defendants' motion to conduct discovery regarding the SATSD. As requested, AWSF Defendants may use their remaining discovery for this purpose. All discovery requests must be served on GMW no later than May 31, 2017, and GMW must respond to those requests on or before June 30, 2017.

In summary, the court **GRANTS IN PART AND DENIES IN PART** GMW's Motion to Strike USURF's Tenth and Eleventh Supplemental Initial Disclosures,[4] and **GRANTS** AWSF Defendants' Motion to Allow Trade Secret Discovery Beyond the February 1, 2017 Fact Discovery Cutoff.[5]

**IT IS SO ORDERED**.

DATED this 15th day of May, 2017.

BY THE COURT:

_/s/ Paul M. Warner_

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] Dkt. No. 486.
[5] Dkt. No. 491.