# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GEOMETWATCH CORP., a Nevada corporation,<br><br>        *Plaintiff*,<br>v.<br><br>ALAN E. HALL, *et al.*,<br><br>        *Defendants*. | **MEMORANDUM DECISION AND ORDER GRANTING USURF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:14-cv-60<br><br>District Judge Jill N. Parrish |

Before the court is a motion for summary judgment filed on July 19, 2018, by defendant Utah State University Research Foundation ("USURF"). (ECF No. 585). Plaintiff GeoMetWatch Corporation ("GeoMet") responded in opposition on October 11, 2018. (ECF No. 748). USURF filed a reply on November 30, 2018. (ECF No. 815). For the reasons below, the motion is granted.

## I.     BACKGROUND

On November 27, 2018, this court issued a memorandum decision and order (the "Damages Order")[1] granting partial summary judgment to defendants Alan E. Hall, Tempus Global Data, Inc. ("Tempus"), and Island Park Group of Companies, LLC (the "Hall Defendants") on grounds that GeoMet's damages theories were impermissibly speculative. (ECF No. 811). In that order, the court held that GeoMet could not establish that it suffered damages without relying on speculation or conjecture. Specifically, the court reviewed GeoMet's damages theories and concluded that none can provide a basis for recovery "because they each rely on the

---

[1] For a complete factual account of the myriad actors and events giving rise to this lawsuit, see the Damages Order at ECF No. 811.

occurrence of one or more contingencies that cannot be established absent speculation." (ECF No. 811 at 19).

Pursuant to DUCivR 7-1(a)(4), USURF joined the Hall Defendants' motion for summary judgment insofar as it argued that GeoMet could not prove damages causation. (ECF No. 585 at 6). USURF argues, and the court agrees, that the reasoning of the Damages Order regarding GeoMet's causation theories applies with equal force to the claims asserted against USURF. Thus, for the reasons explained in the court's Damages Order, USURF is entitled to summary judgment on the issue of GeoMet's damages.

But GeoMet also seeks nominal or statutory damages against USURF under three counts asserting statutory violations. (ECF Nos. 788-48 at 13; 553 at 143). On February 4, 2019, this court issued a memorandum decision and order (the "Immunity Order") granting in part and denying in part USURF's motion for summary judgment based on governmental immunity. In relevant part, that order found USURF immune under the Utah Governmental Immunity Act from GeoMet's claims asserting violations of state statutes (i.e., Utah's Truth in Advertising Act and Utah's Unfair Practices Act). (ECF No. 825). Thus, the court has already entered summary judgment in favor of USURF on both of these claims. However, GeoMet's claim asserting violations of the federal Lanham Act, under which GeoMet seeks only nominal damages, is not affected by either the Damages Order or the Immunity Order. The court therefore turns to that claim. On the basis of the parties' memoranda, applicable law, and for the reasons explained below, USURF is also entitled to summary judgment on GeoMet's Lanham Act claim.

## II. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). To do so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

When the nonmoving party bears the burden of proof at trial on a dispositive issue, that party must "go beyond the pleadings" and designate specific facts so as to "make a showing sufficient to establish the existence of an essential element to that party's case." *Celotex*, 477 U.S. at 322. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Liberty Lobby, Inc.*, 477 U.S. at 249. And, "[t]o defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Pioneer Ctrs. Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, 858 F.3d 1324, 1334 (10th Cir. 2017) (quoting *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)).

Finally, summary judgment is not a "disfavored procedural shortcut" but rather "an integral part of the Federal Rules as a whole" that is designed "to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 322. (quoting Fed. R. Civ. P. 1).

### III. ANALYSIS

#### A. USURF IS ENTITLED TO SUMMARY JUDGMENT ON GEOMET'S LANHAM ACT CLAIM

To prevail on a false advertising claim under 15 U.S.C. § 1125(a), a plaintiff must prove:

> (1) that the defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) injur[y to] the plaintiff.

*World Wide Ass'n of Specialty Programs v. Pure, Inc.*, 450 F.3d 1132, 1140 (10th Cir. 2006). GeoMet's Third Amended Complaint identifies two statements alleged to be actionable under the Lanham Act: a representation that Tempus possessed a National Oceanic and Atmospheric Administration (NOAA) license to operate the STORM sensor and a representation that Tempus possessed the capacity to interpret the data derived therefrom. (ECF No. 229 at 42). But both of these statements were made by USURF's co-defendant Tempus. Thus, neither provides a basis for imposing Lanham Act liability on USURF.

In seeking to defeat the instant motion, however, GeoMet asserts a new Lanham Act theory aimed at USURF, arguing that "USURF assisted Hall in making misleading statements about Tempus[,]" (ECF No. 748 at 55), and that "USURF did not correct, and continued to promote, the Hall Defendants' misleading representations that they were replacing GeoMetWatch[,]" (ECF No. 748 at 56). In support, GeoMet relies on the same two statements, both of which were contained in emails sent by Tempus employees: (1) a January 14, 2014 email—on which representatives of USURF were copied—from Alan Hall to a defense contractor stating that Tempus was "replacing the roles and duties of [GeoMet]"; and (2) a March 14, 2014, email in which Mark Hurst—a Tempus employee—directed a USURF employee to draft a press release "highlighting"—among other things—that Tempus had "replaced the lapsed contract of [GeoMet]." (ECF No. 748 at 55–56).

GeoMet provides no authority for the novel proposition that the Lanham Act imposes liability on an entity that has in some way assisted another in making false or misleading

4

statements of fact. Even more dubious is GeoMet's suggestion that the Act imposes a duty on third parties to correct another's false or misleading representation of fact. For these reasons, neither the January 14, 2014 email nor the March 14, 2014 email—in which USURF's only role was as a recipient—can form the basis of a false advertising Lanham Act claim against USURF.

Moreover, the March 14, 2014 email cannot serve as the basis for Lanham Act liability because GeoMet fails to adduce any evidence that USURF ever issued the suggested press release and, even if it could, the statement contained in the email was neither false nor misleading. GeoMet's contract with AWSF had in fact lapsed in February of 2014 after GeoMet failed to cure its material breach of the PPA—a breach precipitated by GeoMet's failure to meet the milestone payment schedule under the STORM 001 contract. Indeed, by all indications, by March of 2014, Tempus had assumed GeoMet's role in the AWSF partnership. In fact, GeoMet itself issued a press release that same month announcing, in effect, that GeoMet had replaced AWSF with Exelis as its sensor manufacturer. (*See* ECF No. 558-11 at 2).

In sum, because GeoMet cannot identify any false or misleading representations of fact that were made by USURF—rather than by Alan Hall or Tempus—USURF is entitled to summary judgment on GeoMet's Lanham Act claim.

### IV.   ORDER

For the reasons articulated, USURF's motion for summary judgment (ECF No. 585) is **GRANTED.**

IT IS ORDERED THAT:

1. GeoMet may not recover lost profits damages against USURF under any of GeoMet's claims for relief.

2. USURF is entitled to summary judgment on GeoMet's Fifth Count (for violations of the Lanham Act, 15 U.S.C. § 1125(a)).

5

Signed February 12, 2019

                      BY THE COURT

                      _____
                      Jill N. Parrish
                      United States District Court Judge