IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GEOMETWATCH CORP., a Nevada corporation,<br><br>                *Plaintiff*,<br>v.<br><br>ALAN E. HALL, *et al.*,<br><br>                *Defendants*. | **MEMORANDUM DECISION AND ORDER GRANTING SUMMARY JUDGMENT TO GEOMETWATCH CORP.**<br><br>Case No. 1:14-cv-60<br><br>District Judge Jill N. Parrish |

This matter comes before the court on the Motion for Partial Summary Judgment filed by counterclaim defendant GeoMetWatch Corporation ("GeoMet") on July 20, 2018. (ECF No. 588). Counterclaim plaintiff Utah State University Research Foundation ("USURF") filed an opposition on October 11, 2018, (ECF No. 732), to which GeoMet replied on November 30, 2018, (ECF No. 813).

In reviewing the parties' submissions in connection with this motion, the court encountered authority indicating that GeoMet is entitled to complete summary judgment on USURF's counterclaim on grounds not raised by GeoMet. Thus, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the court issued a Notice of Proposed Entry of Summary Judgment on Grounds not Raised by Movant (the "Notice") to apprise the parties of the basis of the proposed summary judgment, and to provide them an opportunity to be heard prior to the entry thereof. (ECF No. 826).

Neither party accepted the court's invitation to submit a brief addressing the propriety of entering summary judgment on the grounds identified in the Notice. The court assumes that the

parties' decision to refrain from filing briefs is a function of the clarity of the legal principles—as applied to the contract at issue—that were set forth in the court's Notice. Regardless, as explained below, GeoMet is entitled to complete summary judgment on USURF's counterclaim.

## I. ANALYSIS

This counterclaim emanates from a multi-defendant lawsuit involving a nascent satellite-hosted weather sensor venture. In that suit, plaintiff GeoMet asserts that USURF—GeoMet's erstwhile partner in the venture—colluded with others to deprive GeoMet of the business opportunity it had developed.[1]

In response to GeoMet's operative Third Amended Complaint, USURF brought a counterclaim asserting a single breach of contract claim against GeoMet. (ECF No. 278). That claim alleges that GeoMet's suit against USURF seeks relief, in part, for claims that were encompassed by a release agreement consummated by the parties in April of 2013, and that GeoMet's suit consequently amounts to a breach of that release agreement. GeoMet's motion for partial summary judgment requests that the court declare that USURF may not recover certain categories of damages under its counterclaim.

But the partial summary judgment sought by GeoMet erroneously accepts the premise on which USURF's counterclaim depends: that GeoMet's act of filing suit amounted to a breach of the release agreement. And there is nothing in that agreement that bars USURF from filing suit.

The document that forms the basis of USURF's counterclaim is best described as a general mutual release, whereby the parties each agreed to "remise, release, waive, and discharge" one another "from any and all liabilities, obligations, claims, and demands

---

[1] For a complete account of the actors, events, and timeline giving rise to the original lawsuit, see the November 27, 2018 Amended Memorandum Decision and Order Granting in Part and Denying in Part Motion for Summary Judgment at ECF No. 811.

whatsoever that have or may have arisen between the Parties prior to the Effective Date of this Agreement."[2] (*See* ECF No. 591-4 at 3). Importantly, the agreement does not contain a covenant not to sue. In essence, the release agreement does no more than extinguish liability. Thus, while USURF may rely on the release agreement to defend against liability for claims that fall within its ambit, it contains no promises that were breached when GeoMet filed suit.[3]

Under straightforward principles of contract law,[4] the agreement is unambiguous and will admit of no other interpretation than the one articulated above. Accordingly, GeoMet is entitled to summary judgment on USURF's counterclaim on grounds that GeoMet did not breach the release agreement.

## II. ORDER

For the reasons articulated, GeoMet is **GRANTED SUMMARY JUDGMENT** on USURF's counterclaim. GeoMet's Motion for Partial Summary Judgment on USURF's Counterclaim (ECF No. 588) is therefore **DENIED AS MOOT.**

---

[2] USURF additionally promised to forgive monies owed by GeoMet.

[3] Most typically, a suit predicated exclusively on released claims would be met with a motion to dismiss that relies on the release agreement as a complete defense. But GeoMet's suit against USURF alleged some conduct that gives rise to claims not encompassed by the release agreement.

[4] The release agreement does not contain a choice of law provision, and it is unclear whether Utah or Nevada has the more significant relationship to the contract. Neither party elected to weigh in on the proper choice of law, but the distinction appears academic because neither Utah nor Nevada law will countenance a breach of contract action premised on a promise that does not appear on the face of an unambiguous contract. *See Am. Bank Stationery v. Farmer*, 799 P.2d 1100, 1103 (Nev. 1990) ("The written settlement is clear. Had [plaintiff] agreed not to sue the agreement would have so stated."); *Mind & Motion Utah Invs., LLC v. Celtic Bank Corp.*, 367 P.3d 994, 1001 (Utah 2016) ("[I]f the language within the four corners of the contract is unambiguous, the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law." (quoting *WebBank v. Am. Gen. Annuity Serv. Corp.*, 54 P.3d 1139, 1145 (Utah 2002)).

Signed February 19, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge