IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GEOMETWATCH CORP., a Nevada corporation,<br><br>     *Plaintiff*,<br>v.<br><br>ALAN E. HALL, *et al.*,<br><br>     *Defendants*. | **MEMORANDUM DECISION AND ORDER GRANTING SUMMARY JUDGMENT TO SCOTT JENSEN AND ROBERT BEHUNIN**<br><br>Case No. 1:14-cv-60<br><br>District Judge Jill N. Parrish |

This matter is before the court on motions for summary judgment filed by defendants Scott Jensen (ECF No. 861) and Robert Behunin (ECF No. 885). On the basis of those motions, the responses thereto (ECF Nos. 869 & 914), the ensuing replies (ECF Nos. 899 & 919), and for the reasons below, Messrs. Jensen and Behunin are each entitled to summary judgment on all claims asserted against them.

## I. BACKGROUND

This action followed the demise of a fledgling satellite-hosted weather sensor venture created by plaintiff GeoMetWatch Corp. ("GeoMet") and defendants Advanced Weather Systems Foundation ("AWSF") and Utah State University Research Foundation ("USURF"). The operative complaint alleges generally that defendants conspired to deprive GeoMet of the business opportunity it had developed.

From March 2013 to February of 2015, Mr. Jensen worked as the Laboratory Director of AWSF. At all times relevant to this suit, Mr. Behunin worked as Vice President of Commercialization for the parent organization of USURF and AWSF, Utah State University. At

various points in time, Mr. Behunin also served as a director on the boards of USURF, AWSF, and GeoMet. The operative Third Amended Complaint asserts four state law claims against Messrs. Jensen and Behunin.[1]

## II. ANALYSIS

On November 27, 2018, this court issued a memorandum decision and order (the "Damages Order")[2] granting partial summary judgment to defendants Alan E. Hall, Tempus Global Data, Inc. ("Tempus"), and Island Park Group of Companies, LLC (collectively, the "Hall Defendants") on grounds that GeoMet's damages theories were impermissibly speculative. (ECF No. 811). In that order, the court held that GeoMet could not establish that it suffered damages without relying on speculation or conjecture. Specifically, the court reviewed GeoMet's damages theories and concluded that none can provide a basis for recovery "because they each rely on the occurrence of one or more contingencies that cannot be established absent speculation." (ECF No. 811 at 19).

Pursuant to DUCivR7-1(a)(4), Messrs. Jensen and Behunin join the Hall Defendants' motion, arguing that they are entitled to summary judgment under the reasoning adopted by the court in the Damages Order that granted that motion. Because the damages causation defects identified by the Damages Order are not defendant-specific, the court agrees that Messrs. Jensen

---

[1] Mr. Jensen faces counts asserting misappropriation of trade secrets, intentional interference with existing or potential economic relations, fraudulent nondisclosure, and civil conspiracy. Mr. Behunin faces counts asserting intentional interference with existing or potential economic relations, fraudulent inducement, breach of fiduciary duty, and civil conspiracy.

[2] For a complete factual account of the myriad actors and events giving rise to this lawsuit, see the Damages Order at ECF No. 811.

and Behunin are entitled to complete summary judgment for all the reasons articulated in the Damages Order.[3]

## III. ORDER

For the reasons articulated, the motions for summary judgment filed by Messrs. Jensen and Behunin (ECF Nos. 861 & 885) are **GRANTED.**

Signed August 2, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[3] Messrs. Jensen and Behunin alternatively argue that they are entitled to summary judgment on grounds that they enjoy immunity from tort actions under the Utah Governmental Immunity Act. Because the court grants summary judgment in their favor on the basis of GeoMet's inability to prove damages, the court need not reach their alternative argument, which would require the resolution of novel, and substantial, issues of state law.