IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GEOMETWATCH CORP., a Nevada corporation,<br><br>               Plaintiff,<br><br>v.<br><br>ALAN E. HALL, et al.,<br><br>               Defendants. | TAXATION OF COSTS<br><br>Case No. 2:14-CV-60 JNP |

Judgment was entered on August 6, 2019. The USURF Defendants, the AWSF Defendants, and the Hall Defendants filed their Bills of Cost on August 20, 2019.[1] Plaintiff filed its Objection on September 3, 2019.[2] Defendants filed their Replies on September 17, 2019.[3]

Defendants seek a total of $228,153.89 in costs. Plaintiff objects on a number of grounds, which are discussed below.

First, Plaintiff argues that Defendants are not entitled to recover their costs because they were not prevailing parties. Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "Rule 54 creates a presumption that the district court will award costs to the prevailing party."[4]

---

[1] Docket Nos. 957, 959, 963. Plaintiff objects to certain Defendants seeking duplicative costs. However, Defendants make clear that these individuals are not seeking to recover duplicative costs, only those costs that certain groups of Defendants jointly incurred.

[2] Docket No. 969.

[3] Docket Nos. 986, 987, 988.

[4] *Ag. Servs. of Am., Inc. v. Nielsen*, 23 F. App'x 945, 947 (10th Cir. 2001).

1

"[T]he determination of who qualifies as a prevailing party is central to deciding whether costs are available."[5] "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)[(1)]."[6] In this case, Judgment was entered against Plaintiff and in favor of Defendants on all claims asserted in Plaintiff's Third Amended Complaint.[7] Based upon this, the Clerk will evaluate Defendants' Bills of Costs unless otherwise directed by the Court.

Plaintiff next argues that the Court should exercise its discretion to deny costs. Plaintiff is correct that the Tenth Circuit has held that a court may properly deny or reduce costs to a prevailing party in certain circumstances.[8] However, the discretion to deny or reduce costs rests with the Court, not the Clerk who taxes costs as a ministerial duty. Plaintiff's Objection to Defendants' Bills of Costs on this ground can be raised before the Court by the filing of a motion to review the taxation of costs.[9]

Finally, Plaintiff raises a number of objections to specific costs being sought. Each objection is addressed below.

Plaintiff first objects to the Hall Defendants' request to recover their state-court filing fee. 28 U.S.C. § 1920(1) allows taxation of costs for fees paid to the Clerk. The Hall Defendants

---

[5] *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1233–34 (10th Cir. 2001) (quoting 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2667 (3d ed. 2017 update)).

[6] *Id.* at 1234 (quoting 10 Wright & Miller, Federal Practice & Procedure § 2667) (alteration in original).

[7] Docket No. 954.

[8] *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995).

[9] *See* Fed. R. Civ. P. 54(d)(1); DUCivR 54-2(d).

seek recovery of the fees paid to the state court clerk prior to removal. Defendants cite no Tenth Circuit authority that would allow recovery of this fee. The courts are split on the issue, but those circuit courts that have addressed it have concluded that § 1920 does not allow recovery for state court filing fees.[10] The Clerk agrees with the reasoning of those courts and this cost will be disallowed.

Plaintiff next argues that Defendants have failed to demonstrate that all of the transcripts were necessarily obtained. Plaintiff points out that certain deposition transcripts were not used in the resolution of the case. Specifically, Plaintiff argues that Defendants should not recover the costs associated with obtaining the deposition transcripts for the expert witnesses and three other witnesses: Alison Wistner, Stan Albrecht, and Alan Huang.

The Tenth Circuit has rejected the "exceedingly narrow view of the deposition expenses authorized under 28 U.S.C. § 1920" espoused by Plaintiff here.[11] Any "rule that permits costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment is narrower than section 1920."[12] The Clerk will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case."[13] Therefore, whether the

---

[10] *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 693 (6th Cir. 1999); *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987); *see also* 77 C.J.S. Removal of Cases § 200 (2017 update) (stating that "a state court filing fee may not be so taxed").

[11] *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009).

[12] *Merrick v. N. Nat. Gas Co.*, 911 F.2d 426, 434 (10th Cir. 1990); *see also Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997) (upholding taxation of costs for "depositions submitted by the parties in support of their summary judgment motions").

[13] *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998).

deposition transcripts were used in the resolution of the case is not dispositive and is not a sufficient basis to justify the denial of costs.

Defendants have provided a valid basis for obtaining the costs of the transcripts at issue. There is no suggestion that these depositions were frivolous or that they were outside the bounds of vigorous advocacy. Based upon this, the Clerk concludes that the deposition at issue were necessarily obtained.

Plaintiff next objects to the costs associated with obtaining the deposition transcripts of Ed Kieble and Henry Rivercomb. Plaintiff argues that the costs for these transcripts were outside the range of what is reasonable in this jurisdiction. Defendants, however, explain that both of these depositions were taken out-of-state, and the cost is commensurate with what is charged in those jurisdictions. Based upon this explanation, the Clerk will allow these costs. But the invoices for these deposition transcripts contain items that are either not properly taxable or have not been shown to have been necessary. The Clerk will therefore disallow costs for an expedited transcript, an e-transcript, an ASCII file/condensed transcript, a conference room fee, an administration fee, a read and sign fee, travel fees, shipping and handling charges, and DVDs.

Plaintiff next objects to the Hall Defendants' request for $20,829.00 in in-house copying costs. After Plaintiff filed its Objection, the Hall Defendants filed an errata clarifying that they were only seeking $3,124.35 for in-house copying costs.[14] Plaintiff further complains that the Hall Defendants have failed to adequately explain why the copies were necessarily obtained.

---

[14] Docket No. 981.

"To be recoverable, a prevailing party's . . . copy costs must be 'reasonably necessary to the litigation of the case.'"[15] "Materials produced 'solely for discovery' do not meet this threshold."[16] Similarly, "[t]he 'necessarily obtained for use in the case' standard does not allow a prevailing party to recover costs for materials that merely 'added to the convenience of counsel' or the district court."[17]

"A prevailing party bears the burden of establishing the amount of costs to which it is entitled."[18] With respect to copy costs, the burden is not a high one, and a "prevailing party need not 'justify each copy' it makes."[19] "All a prevailing party must do to recoup copy costs is to demonstrate to the district court that, under the particular circumstances, the copies were 'reasonably necessary for use in the case.'"[20]

In their Reply, the Hall Defendants explain that these copies were made in relation to depositions, hearings, client meetings, and other events. Based upon this explanation, the Clerk finds that the Hall Defendants have met their burden to justify their copying costs.

Plaintiff similarly argues that the AWSF Defendants have failed to adequately explain their request for copying costs. In their Reply, the AWSF Defendants explain that the copies were incurred in connection with depositions, court hearings, and providing courtesy copies. As

---

[15] *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148 (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)).

[16] *Id.* (quoting *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)).

[17] *Id.* at 1147 (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988)).

[18] *Id.* at 1148.

[19] *Id.* at 1149 (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998)).

[20] *Id.* (quoting *Touche Ross & Co.*, 854 F.2d at 1246).

with the Hall Defendants, the Clerk concludes that the AWSF Defendants have met its burden of justifying their copy costs.

Next, Plaintiff objects to the AWSF Defendants' request for $8,021.76 in forensic imaging costs. The AWSF Defendants' response to this objection is coupled with its response to Plaintiff's objection to their copying costs. However, the AWSF Defendants fail to explain what the forensic imaging was for or why it was necessarily obtained. Therefore, the Clerk will disallow this cost. Plaintiff does not object to the Hall Defendants' request for $375.00 for forensic imaging, but the Clerk will disallow this cost for the same reason.

Plaintiff next objects to the USURF Defendant's request for recovery of $9,512.50 for "uploading electronic files," arguing that the USURF Defendants failed to indicate that uploading these files was necessary for resolution of the case. In their Reply, the USURF Defendants provide an adequate explanation for this cost, and it will be allowed.

Plaintiff's final objection is to the costs associated with bringing William Kesserling to Utah for his deposition.[21] Plaintiff complains that this amount is greater than the statutory witness fee and that Defendants have failed to show that Mr. Kesserling's testimony was necessarily obtained. Defendants have adequately explained why Mr. Kesserling's testimony was necessary. Therefore, the Clerk turns to Plaintiff's argument that recovery above the statutory fee should not be allowed.

28 U.S.C. § 1821 provides that, in addition to the $40 attendance fee, witnesses may receive travel expenses and a subsistence allowance if an overnight stay is required. Defendants state that the requested amount represents that airfare and hotel costs for bringing Mr. Kesserling

---

[21] This cost was split among the three sets of Defendants.

to Utah.  The Clerk will allow the airfare cost pursuant to 28 U.S.C. § 1821(c)(1).  However, the hotel cost exceeds the subsistence allowance set by the Administrator of General Services.  Therefore, that amount will be reduced to $360.00, which represents the rate in effect at the time of Mr. Kesserling's deposition.  The Clerk will allow a total of $2,199.70 and will divide that among the three sets of Defendants for $733.23 each.

At the conclusion of its Objection, Plaintiff states that its objections are "simply illustrations of the unreasonable costs that the Defendants are trying to impose on GeoMetWatch."[22]  Without more specificity, the Clerk is unable to address any further objections Plaintiff may have.  However, having reviewed Defendants' submissions, the Clerk has encountered a number of charges that are either not taxable or have not been shown to have been necessarily incurred.  These include charges for: handling, services fees, postage, e-transcripts, ASCII files/condensed transcripts, administration fees, shipping, flash drives, CDs, DVDs, binders, tabs, conference room rentals, realtime reporting, and rush service charges.  The Clerk will disallow these costs.

In total, the Clerk will allow costs as follows:

<u>USURF Defendants</u>

- Fees for service of summons and subpoena - $5,102.65
- Fees for transcripts - $49,170.52
- Fees for witnesses - $733.23
- Fees for the costs of making copies - $31,350.58
- Total - $86,356.98

---

[22] Docket No. 969, at 27.

AWSF Defendants

- Fees for service of summons and subpoena - $1,265.21
- Fees for transcripts - $44,820.37
- Fees for witnesses - $733.23
- Fees for the costs of making copies - $17,577.60
- Total - $64,396.41

Hall Defendants

- Fees for service of summons and subpoena - $82.50
- Fees for transcripts $39,590.08
- Fees for witnesses - $867.23
- Fees for the costs of making copies - $13,857.45
- Total - $54,397.26

To summarize, the USURF Defendants are awarded costs in the amount of $86,356.98, the AWSF Defendants are awarded costs in the amount of $64,396.41, and the Hall Defendants are awarded costs in the amount of $54,397.26. These cost awards are included in the Judgment.

DATED this 5th day of November, 2019.

D. MARK JONES, CLERK

By: _____
Anne W. Morgan, Chief Deputy