IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GEOMETWATCH CORP.,<br><br>Plaintiff,<br><br>v.<br><br>ALAN E. HALL, *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REVIEW OF TAXATION OF COSTS**<br><br>Case No. 1:14-cv-60-JNP<br><br>District Judge Jill N. Parrish |

Before the court is a Motion for Review of Taxation of Costs filed by Plaintiff GeoMetWatch Corporation (ECF No. 1015). For the reasons set forth below, the Motion is DENIED.

### BACKGROUND[1]

Federal litigation in this action commenced on May 16, 2014 with the filing of GeoMetWatch Corporation's ("GeoMet") Complaint. ECF No. 2. In its Complaint, GeoMet named Alan E. Hall, Island Park Group of Companies, LLC, and Tempus Global Data Corporation (collectively, the "Hall Defendants"); Utah State University; and Utah State University Advanced Weather Systems Foundation ("AWSF") as defendants. *Id.* Robert T. Behunin and Utah State University Research Foundation d/b/a Space Dynamic Laboratory ("USURF") (ECF No. 48), as well as Curtis Roberts and Scott Jensen (ECF No. 229), were later added as defendants to the

---

[1] For a complete factual account of the myriad actors and events giving rise to this lawsuit, see the Damages Order at ECF No. 811.

litigation. In its Third Amended Complaint, GeoMet alleged the following twelve causes of action: breach of contract, misappropriation under the Utah Uniform Trade Secrets Act, breach of implied covenant of good faith and fair dealing, intentional interference with existing or potential economic relations, violation of the Lanham Act, unjust enrichment, violation of the Utah Truth in Advertising Act, violation of the Utah Unfair Practices Act, fraudulent inducement, breach of fiduciary duty, fraudulent nondisclosure, and civil conspiracy. ECF No. 229. During the discovery phase of litigation, GeoMet asserted damages in the range of $14 billion (ECF No. 182-1), which it later reduced to approximately $4 billion (ECF No. 182-2), and then to $150 million.

After several years of litigation and extensive discovery, the court entered a series of orders on motions for summary judgment:

- On November 27, 2018, the court granted in part and denied in part the Hall Defendants' Motion for Summary Judgment. ECF No. 811. The court granted the Hall Defendants' motion with respect to GeoMet's claims for lost profits and unjust enrichment, finding that "the evidence in this case is simply insufficient to support a conclusion that the [Hall Defendants] caused GeoMet any damage," and that the "facts establish that the Hall Defendants were not enriched," respectively. *Id.* at 15, 29. The court denied the motion with respect to GeoMet's claims for nominal and statutory damages. *Id.* at 30.

- On February 4, 2019, the court granted in part and denied in part Motions for Summary Judgment filed by USURF, AWSF, Mr. Behunin, Mr. Roberts, and Mr. Jensen. ECF No. 825. The court granted the motion as to USURF and AWSF, finding that they were entitled to governmental immunity under the Utah Governmental Immunity Act ("UGIA") for nine of the twelve claims asserted against them. *Id.* at 11, 14–15. The court also granted the motion as to Roberts, finding that he was a government employee who had been acting

2

within the scope of his employment and who thus was also entitled to immunity under the UGIA as to all claims against him. *Id.* at 12–13, 15. The court denied the motion as to Mr. Jensen and Mr. Behunin, finding that they were not entitled to immunity under the UGIA, as there was no record evidence to support that the two were acting in the scope of their government employment with respect to their alleged conduct. *Id.* at 13–14.

- On February 12, 2019, applying the same rationale used in its November 27, 2018 summary judgment order, the court granted USURF's motion for summary judgment as to the issue of GeoMet's damages. ECF No. 827 at 1–2. The court also found that USURF was entitled to summary judgment on GeoMet's Lanham Act claim. *Id.* at 5.

- On February 12, 2019, the court also applied the same rationale used in its November 27, 2018 summary judgment order to grant AWSF's motion for summary judgment as to the issue of GeoMet's damages. ECF No. 828 at 2. The court also found that AWSF was entitled to summary judgment as to GeoMet's Lanham Act claim. *Id.* at 5.

Finally, on August 6, 2019, the court entered final judgment in the matter, in relevant part, as follows:

> IT IS ORDERED AND ADJUDGED that judgment is entered against plaintiff GeoMetWatch Corp. and in favor of defendants (Alan E. Hall; Island Park Group of Companies, LLC; Tempus Global Data, Inc.; Erin Housley; Mark Hurst; Debbie Wade; Brent Keller; Robert T. Behunin; Curtis Roberts; Scott Jensen; Advanced Weather Systems Foundation; and Utah State University Research Foundation, d/b/a Space Dynamics Laboratory) on all claims asserted in plaintiff's operative Third Amended Complaint.

ECF No. 954 at 1.

Following the entry of final judgment, Defendants Behunin, Roberts, and USURF (the "USURF Defendants") (ECF Nos. 957, 958); Defendants Jensen and AWSF (the "AWSF

3

Defendants") (ECF Nos. 959, 960); and the Hall Defendants (ECF Nos. 963, 964) each filed a Bill of Costs and supporting memorandum. GeoMet filed its Objection to the Bills of Costs on September 3, 2019. ECF No. 969. In its objection, GeoMet advanced three principal arguments: (1) that the Defendants should not be awarded costs because they are not the prevailing parties; (2) even if the Defendants are the prevailing parties, the court should exercise its discretion and deny costs; and (3) even if the Defendants are the prevailing parties, costs are not warranted because the costs sought were not "necessarily obtained." *Id.* All Defendants filed their responses to GeoMet's objection on September 17, 2019. ECF Nos. 986, 987, 988. On November 6, 2019, the Clerk of the court filed a Taxation of Costs. ECF No. 997. While the Clerk disallowed some of the costs to which GeoMet objected, the Clerk ultimately awarded costs totaling $86,356.98 to the USURF Defendants, $64,396.41 to the AWSF Defendants, and $54.397.26 to the Hall Defendants. *Id.* at 2–8.

GeoMet filed a Motion for Review of Taxation of Costs. ECF No. 1015. In its Motion, GeoMet advanced the same three arguments that it raised in its Objection to the Bill of Costs. *See generally id.* Each set of Defendants filed a response to GeoMet's motion, all arguing that they were the prevailing parties, that the court cannot properly deny them costs, and that their costs were reasonable and necessarily obtained. ECF Nos. 1008, 1009, 1010. The Defendants do not contest the Clerk's cost disallowances, and all Defendants ask the court to affirm the Clerk's cost award in full. *Id.*

## LEGAL STANDARD

"A prevailing party initially files a bill of costs with the district court clerk, rather than with the court." *Faragalla v. Douglas Cty. Sch. Dist. RE 1*, 411 F. App'x 140, 161 (10th Cir. 2011) (citation omitted). "The clerk may then issue an order taxing costs in favor of the prevailing party."

*Id.* (citation omitted). "The clerk's order is reviewable by the district court on motion by the party against whom costs were taxed." *Id.* (citing FED. R. CIV. P. 54(d)(1)). "The district court's review of a clerk's order is de novo." *Id.* (citation omitted).

Accordingly, this court will review the Clerk's Taxation of Costs under a de novo standard of review, evaluating each of GeoMet's principal objections.

## ANALYSIS

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the ***prevailing party***." FED. R. CIV. P. 54(d)(1) (emphasis added). And under 28 U.S.C. § 1920, "[a] judge or clerk of any court of the United States may tax as costs the following: . . . (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; [and] (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

"Whether to grant costs to a prevailing party is within the district court's sound discretion." *Allen v. Lang*, 736 F. App'x 934, 944 (10th Cir. 2018) (internal quotation marks and citation omitted). However, the court's discretion is "limited in two ways": (1) "it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party," and (2) "the district court must provide a valid reason for not awarding costs." *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000) (internal quotation marks and citations omitted). Additionally, while "Rule 54 creates a presumption that the prevailing party shall recover costs," *Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir.) (citation omitted), *cert. denied,* 516 U.S. 810 (1995); *cert. denied,* 519 U.S. 1077 (1997) , "it is incumbent on the losing party to overcome such

5

presumption, since the denial of costs is in the nature of a penalty," *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980).

## I.      Whether Defendants Were the Prevailing Parties

Broadly, GeoMet argues that the Defendants are not the prevailing parties because they did not win at trial or achieve success upon the merits of the case. Then, GeoMet raises four[2] more specific arguments as to why costs are not warranted because Defendants are not the prevailing parties. First, GeoMet argues that the Clerk failed to consider the full final judgment, which also provided that third-party defendant David Crain prevailed against USURF on USURF's third party complaint and that GeoMet prevailed against USURF in USURF's counterclaim. Second, GeoMet argues that the previous summary judgment orders in the case do not provide a basis on which to find that the Defendants prevailed because the orders were based on procedural grounds related to causation and immunity rather than the "gravamen" of GeoMet's claims. Third, GeoMet argues that the Defendants did not prevail because GeoMet de facto prevailed on its injunctive relief claims since Hall has closed Tempus, the individual members of the "Hall Team" no longer work for Tempus, and Mr. Jensen and Mr. Behunin no longer work for any Utah State University entity. Fourth and finally, GeoMet argues that AWSF and USURF are not prevailing parties because they did not win on all claims, having not prevailed on some counterclaims and a third-party claim.

Defendants argue that they are prevailing parties, based on the summary judgment orders issued in their favor and the final judgment entered in their favor.

---

[2] GeoMet raises a fifth argument under this theory: that Defendants' prior bad acts preclude them from being deemed prevailing parties. However, based on case law set forth below, the court finds that this argument is more aptly considered as part of GeoMet's argument that the court should use its discretion to deny costs. Thus, the relevance and impact of Defendants' prior bad acts on an award of costs will be considered under Section II of this Order.

A. Rule 54(d)(1) "Prevailing Party" Requirement

To determine whether costs are warranted under Rule 54(d)(1), the court must first determine whether defendants are "prevailing parties" within the meaning of the Rule. In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 603 (2001) (emphasis in original), *superseded on other grounds by Grand Canyon Trust v. Bernhardt*, 947 F.3d 94, 96 (D.C. Cir. 2020), the Supreme Court adopted the Black's Law Dictionary definition of "prevailing party" in the context of awarding statutory attorney's fees, defining the term as "'[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded (in certain cases, the court will award attorney's fees to the prevailing party). -- Also termed *successful party*.'" *See also Allen*, 736 F. App'x at 944–45 (applying the *Buckhannon* definition and analysis of "prevailing party" in the context of a Rule 54(d)(1) analysis for costs other than attorney's fees). In short, a "prevailing party" is the "one who has been awarded some relief by the court" such that there has been a "material alteration of the legal relationship of the parties." *Buckhannon*, 532 U.S. at 603–04 (internal quotation marks and citations omitted).

There has been a "material alteration of the legal relationship of the parties" when an "enforceable judgment[] on the merits" has been entered. *Id.* at 604 (citations omitted). The Tenth Circuit has upheld costs awarded under Rule 54(d)(1) when a defendant prevailed on a summary judgment motion in part due to a plaintiff's failure to "create an evidentiary dispute on the . . . issue[] of causation." *Spencer v. N. Am. Salt Co.*, No. 96-3087, 1997 WL 12930, at *2–3 (10th Cir. Jan. 15, 1997). The Tenth Circuit has also upheld costs awarded under Rule 54(d)(1) when defendants prevailed on summary judgment based on qualified immunity. *Lucero v. Mesa Cty. Sherriff's Dep't*, 297 F. App'x 764, 766–67 (10th Cir. 2008). Additionally, the Tenth Circuit has

7

found that "the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)." *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) (internal brackets and citations omitted). Moreover, it is well-established in the Tenth Circuit that "a party need not prevail on every issue to be considered a Rule 54(d) prevailing party." *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995) (citations omitted). Indeed, if a party "prevailed on the major issues in th[e] case[,] [t]o deny them costs would be in the nature of a severe penalty imposed upon them, and there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Klein*, 44 F.3d at 1507 (citations omitted).

      B.      Defendants as Prevailing Parties

Because this court not only granted summary judgment in favor of nearly all of the Defendants, but also entered final judgment in favor of all Defendants "on all claims asserted in plaintiff's operative Third Amended Complaint," there has been a "material alteration in the legal relationship of the parties." That summary judgement in favor of most Defendants was granted based on GeoMet's failure to establish causation and on some Defendants having immunity does not preclude a finding that the Defendants are the prevailing parties based on Tenth Circuit precedent. Victory at trial is not necessary to "prevail" as a party within the meaning of Rule 54(d)(1), nor is prevailing on each and every issue. Defendants prevailed on most of the "major issues" as a result of summary judgment orders and the final judgment, and thus there is no "apparent reason" that defeats the presumption of costs and warrants "penalizing" Defendants by denying costs.

**II.**      **Whether Costs Should Be Denied in the Court's Discretion**

GeoMet argues that, even if Defendants are "prevailing parties," the court should use its discretion to deny costs. GeoMet avers that the use of such discretion is warranted here because

the issues were "close and difficult," the recovery was "insignificant and, in one case, the 'prevailing party' was only partially successful," GeoMet is "essentially indigent," Defendants "were not exonerated as their conduct is illegal and actionable," and "GeoMet brought its claims in good faith and the litigation was not frivolous." Defendants argue to the contrary on each of these points, ultimately averring that the Rule 54(d) presumption of costs has not been overcome.

### A. Denial of Costs Based on Discretionary Factors

The Tenth Circuit has "discussed the circumstances in which a district court may properly exercise its discretion under Rule 54(d) to deny costs to a prevailing party." *Cantrell*, 69 F.3d at 459. Such circumstances include the following: (1) the prevailing party "was only partially successful"; (2) the prevailing party was "obstructive and acted in bad faith during the course of the litigation"; (3) "damages were only nominal" or "insignificant"; (4) "the nonprevailing party was indigent"; (5) "the costs are unreasonably high or unnecessary"; or (6) "the issues are close and difficult." *Id.* (citations omitted). This list is not exhaustive. *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). Whether a suit was brought in good faith can also be considered in evaluating whether Rule 54(d)(1) costs should be granted or denied. *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997) ("[T]he district court's finding that [the non-prevailing party] did not initiate its suit against [the prevailing party] in bad faith is insufficient to permit the court to deny costs under Rule 54(d)"). The court finds that none of these factors, taken together or separately in the context of the facts of this case, justify denying costs to the Defendants.

#### 1) Prevailing Party Only Partially Successful

As set out above, although the Defendants did not prevail on each and every motion filed in the course of this litigation, they were ultimately successful on both summary judgment and in

9

the final judgment on most of the major issues of the case. Thus, this factor does not weigh in favor of the court denying costs.

          2)        Prevailing Party Acted in Bad Faith During the Course of Litigation

While the Tenth Circuit has not "stated that misconduct outside the litigation process is not a justifiable reason or denying costs," it has recognized that "case law from other jurisdictions points to the conclusion that a district court may not deny costs on the ground that the district court personally disapproves of the conduct upon which the plaintiff's unsuccessful claim was based." *Zeran*, 203 F.3d at 722 (citing to case law from other circuits emphasizing that costs may be denied when the prevailing party has engaged in impropriety *during the course of litigation*). And, as provided above, the Tenth Circuit has suggested that the prevailing party may be denied costs when the prevailing party has "acted in bad faith *during the course of the litigation*." *Cantrell*, 69 F.3d at 459. (emphasis added) (citations omitted).[3]

GeoMet spends a considerable portion of its Motion discussing the impropriety of Defendant Hall's pre-litigation conduct with respect to GeoMet's trade secrets and confidential information, arguing that this provides a basis upon which the court should deny all Defendants costs.[4] However, because the case law set out above indicates that it is impropriety *during the course of litigation* that provides grounds on which the court may deny costs, the court does not

---

[3] The Seventh Circuit has also strongly implied that "extra-judicial misconduct cannot be the basis for a district court's denial of costs to the prevailing party." *Zeran*, 203 F.3d at 722 (citing *Chi. Sugar Co. v. Am. Sugar Ref. Co.*, 176 F.2d 1, 11 (7th Cir. 1949)).

[4] As previously noted, although GeoMet raises the bulk of this argument in the context of arguing that Defendants are not the prevailing parties, the court finds it more appropriate to discuss this argument in the context of the court's discretion to deny costs.

10

find that this *pre-litigation* conduct provides the court with discretionary grounds on which to deny costs.[5] Thus, this factor also does not weigh in favor of denying costs to Defendants.

    3)  Damages Were Nominal or Insignificant

GeoMet argues that Defendants should not receive costs because the damages they received were insignificant. GeoMet specifically cites to AWSF's award of only $39,000 in damages compared to the $2 million it initially sought. However, as argued by Defendants, when final judgment was entered in their favor, they were effectively exonerated from a potential $150+ million judgment. That is surely not a nominal or insignificant recovery. Thus, this factor does not support denying costs.

    4)  Non-prevailing Party Is Indigent

"When evaluating indigence as a defense to an award of costs, courts must determine whether the non-prevailing party is capable of paying the court-imposed costs now or in the future." *James v. Frank's Westates Servs.*, No. 2:07-cv-937, 2011 U.S. Dist. LEXIS 127799, at *6 (D. Utah Nov. 3, 2011) (citations omitted). "To prove an inability to pay now or in the future, a party must meet the burden of providing the court with sufficient documentation to support such a finding." *Id.* (internal quotation marks and citation omitted). And even if a non-prevailing party provides documentation of indigency, the Tenth Circuit has held "that a district court does not abuse its discretion in awarding costs to the prevailing party simply because the non-prevailing parties were indigent." *Bryant v. Sagamore Ins. Co.*, 618 F. App'x 423, 426 (10th Cir. 2015)

---

[5] Moreover, GeoMet centers its argument on the pre-litigation conduct of Defendant Hall alone. Thus, even if pre-litigation conduct could provide a basis on which the court could use its discretion to deny costs, GeoMet provides no authority to establish that the pre-litigation impropriety of one defendant justifies the denial of costs to all defendants.

11

(citation omitted); *see also Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190–91 (10th Cir. 2004) (holding that a district court did not abuse its discretion when it awarded costs to non-prevailing indigent parties because the non-prevailing parties failed to offer a reason why the prevailing party should be penalized with a denial of costs).

GeoMet argues that costs should not be awarded to Defendants because GeoMet is "essentially indigent," with its only remaining assets being its "intellectual property and various claims in this case and others." But GeoMet provides no proof of its indigency beyond this bare assertion. Moreover, even if GeoMet were able to establish its indigence, a finding of indigency alone does not compel the denial of costs absent a reason to penalize the prevailing party.[6] As set out in this Order, GeoMet has failed to provide a reason to penalize the Defendants. Thus, this factor does not weigh in favor of denying costs.

5) Costs Are Unreasonably High or Unnecessary

As will be discussed further in Section III below, the court finds that Defendants' costs were not unreasonably high or unnecessary, and so this factor does not support a denial of costs.

---

[6] GeoMet cites to *Sheedy v. BSB Properties, LC*, No. 2:13-cv-290, 2016 WL 6902648, at *1 (D. Utah Aug. 2, 2016) for the proposition that the non-prevailing party's indigency alone is sufficient justification to deny costs. While *Sheedy* found that "the [p]laintiff's indigency alone [was] sufficient to overcome the statutory presumption in favor of costs," *id.*, the case is distinguishable. First, the non-prevailing parties in *Sheedy* provided "supplemental documentation [of their financial condition] to support [their] claim of indigence." *Id.* By contrast, GeoMet has provided no documentation in support of its claim of indigence. Additionally, *Sheedy* involved a motion for an order denying costs by non-prevailing parties who were individual plaintiffs, while the non-prevailing party here—GeoMet—is a corporation. Finally, given the court's discretion in granting or denying taxation of costs, the court is not bound by a prior district court decision to grant or deny costs when there is no binding precedent compelling that outcome.

6) Issues Are Close and Difficult

"The closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Broadus v. Corr. Health Partners, Inc.*, No. 15-cv-182, 2019 U.S. Dist. LEXIS 28035, at *5 (D. Colo. Feb. 22, 2019) (internal quotation marks and citation omitted).[7] However, unless there is a reason why the prevailing party should be penalized, a court does not abuse its discretion in granting costs even if a case is "close and difficult." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190–91 (10th Cir. 2004). Thus, in *Rodriguez*, even though the district court concluded that the case presented a "close and difficult question," it did not abuse its discretion in awarding costs because the plaintiffs did not "offer[] any reason why [the Defendant] should be penalized." *Id.* Additionally, that litigation was "complex or lengthy" does not provide a justification for penalizing the prevailing party by denying costs, *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995), nor does a "complicated procedural history, several defendants, [or] highly-contested expert evidence." *Proctor & Gamble Co. v. Haugen*, No. 1:95-cv-94, 2008 U.S. Dist. LEXIS 50080, at *16–17 (D. Utah July 1, 2008).

Here, GeoMet makes the conclusory argument that the issues in this case were "close and difficult." GeoMet provides a single concrete example to substantiate this claim—that the court certified a question regarding the issue of governmental immunity to the Utah Supreme Court.

---

[7] In applying this standard in *Basanti v. Metcalf*, No. 11-cv-2765, 2016 U.S. Dist. LEXIS 29494, at *6–7 (D. Colo. Mar. 8, 2016), the district court found that the issues presented in the case were "close and difficult" since the court devoted twenty-two of eighty-eight pages of an order to analyzing issues of breach and causation in a negligence action. Here, by contrast, none of the court's summary judgment orders were anywhere near that length, nor was any issue discussed to that extent in any of the orders.

13

GeoMet provides no case law or other authority to suggest that the certification of a question to an appellate court compels a finding that the case was "close and difficult." Thus, even though this case was "complex" and "lengthy," with a "complicated procedural history" and "several defendants," the court does not find that GeoMet has met its burden to establish that Defendants should be penalized by the denial of costs.

   7)  Whether Suit Was Brought in Good Faith

As stated above, Tenth Circuit precedent establishes that, although bringing a suit in good faith can be considered in assessing whether Rule 54(d) costs are appropriate, good faith alone is "insufficient to permit the court to deny costs under Rule 54(d)." *AeroTech*, 110 F.3d at 1527. Here, even granting that GeoMet brought this suit against Defendants in good faith, since none of the aforementioned factors weigh in favor of denying costs to Defendants, good faith alone cannot provide a basis upon which to do so.

In sum, none of the factors set out above provide a basis for the court to use its discretion to deny costs and penalize Defendants as the prevailing parties.

**III. Whether Defendants' Costs Were Reasonable and Necessarily Obtained**

 A. Reasonable and Necessarily Obtained Standard

The relevant costs statute allows a judge or clerk of the court to tax costs for transcripts, printing and witnesses, and exemplification "necessarily obtained for use in the case." 28 U.S.C. § 1920(2)–(4). Thus, "[t]he court's exercise of its discretionary power turns on whether or not the costs are for materials necessarily obtained for use in the case." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988). "Necessarily obtained" does not apply to materials that "might have added to the convenience of counsel . . . and perhaps even have made the task of the trial judges easier." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233–34 (1964). Additionally,

"[t]hough use at trial by counsel or the court readily demonstrates necessity, if materials or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award the recovery of costs." *U.S. Indus.*, 854 F.2d at 1246 (citation omitted). This is because "[t]he realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court," and "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation, including the possibility of trial." *In re Williams Sec. Litig. -- WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (internal quotation marks and citations omitted). "It would therefore be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Callicrate v. Farmland Indus.*, 139 F.3d 1336, 1340 (10th Cir. 1998).

However, "[e]ven if the court finds the costs were for materials or services necessarily obtained, the amount of the award requested must be reasonable." *U.S. Indus.*, 854 F.2d at 1245 (citations omitted). "[I]n determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case," the court does not "employ the benefit of hindsight;" rather, the determination is based "solely on the particular facts and circumstances at the time the expense was incurred." *In re Williams*, 558 F.3d at 1148 (internal quotation marks and citations omitted).

"A prevailing party bears the burden of establishing the amount of costs to which it is entitled." *Id.* (citation omitted). "Once a prevailing party establishes its right to recover allowable

costs, however, the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed." *Id.* (internal quotation marks and citation omitted).

B.  Defendants' Costs as Reasonable and Necessarily Obtained

GeoMet argues that, although the Clerk of the court disallowed some of Defendants' requested costs, Defendants were still awarded essentially all their costs, which was improper because these costs were not "necessarily obtained" for the final judgment. GeoMet also makes the conclusory argument that "it appears that *most* of Defendants' costs were not 'necessarily obtained.'" But GeoMet specifically objected on grounds of reasonableness only to the following:

- Defendants' costs associated with expert deposition transcripts, because the court concluded that expert testimony was not "material to the resolution" of the issues;
- Defendants' costs associated with other depositions that were "not used at all for the resolution of the case," naming the depositions of "Alison Wistner, Stan Albrecht, Alan Huang, and others";
- the "shocking disparity in the amounts incurred" both for deposition transcripts of witnesses of varying importance to the resolution to the case and by different Defendants for the same transcript;
- the Hall Defendants' and AWSF's copying costs, as the purpose and content of the copies was not disclosed, and the copying fee per page was excessive;
- USURF's costs associated with document review services, specifically for uploading electronic files to a database; and
- Defendants' witness fee for William Kesselring, which exceeded the statutory fee and was unsupported by an explanation as to why his testimony was "necessarily obtained" for the resolution of the case.

16

Defendants counter that these costs were reasonable and necessarily obtained. Defendants do not dispute the reductions in costs made by the Clerk and request that the court affirm the Clerk's costs decision. Accordingly, this court will only review the arguments and objections made by the parties in response to the Clerk's Taxation of Costs.

1) Reasonableness

Broadly, the court first observes in response to GeoMet's reasonableness objections that, although the Clerk's total award of costs to the Defendants is substantial, this amount is reasonable "given the massiveness and complexity of the litigation at issue." *In re Williams*, 558 F.3d at 1150. GeoMet initially sought $14 billion in damages. Although this amount was later reduced to approximately $4 billion and then to $150 million, Defendants were still facing a substantial damage award as they proceeded in this litigation. *See id.* (finding costs awarded to defendants reasonable when plaintiffs sought $2.9 billion in damages). Given the "indisputably high" stakes of this litigation, "it was incumbent on [D]efendants to fully prepare their case on the merits." *Id.* (internal quotation marks and citation omitted). Thus, the costs are reasonable.

2) Depositions & Deposition Transcripts

In *In re Williams*, the Tenth Circuit rejected a non-prevailing party's "exceedingly narrow view of the deposition expenses authorized under 28 U.S.C. § 1920," which only permitted an award of costs if the depositions were "actually used in deciding summary judgment, or . . . were, at the very least, designated for trial," labelling this view as "surely flawed." 558 F.3d at 1149.

Accordingly, GeoMet's argument that costs associated with depositions and deposition transcripts should be disallowed because they were not "material to the resolution" of the issues or "used at all for the resolution of the case" fails, as such materiality or use is not required under established precedent. Additionally, GeoMet's arguments relating to the "shocking disparity in the

17

amounts incurred" for deposition transcripts of witnesses of varying importance to the resolution of the case and by different Defendants for the same transcript fails to establish why such depositions were not necessary at the time taken for the proper preparation of the case. Moreover, GeoMet fails to establish why Defendants should be "essentially penalize[d] . . . [for happening] to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Callicrate*, 139 F.3d at 1340. In reviewing Defendants' deposition-related costs, the Clerk disallowed costs for an expedited transcript, an e-transcript, an ASCII file/condensed transcript, a conference room fee, an administration fee, a read and sign fee, travel fees, shipping and handling charges, and DVDs. Since Defendants do not object to these disallowances, the court will affirm them.

3) Copying Costs & Document Review Services

The Tenth Circuit has specifically noted that the burden of justifying copy costs is not "a high one." *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998). Indeed, "[a] prevailing party need not justify each copy it makes;" the prevailing party need only establish that, "under the particular circumstances, the copies were reasonably necessary for use in the case." *In re Williams*, 558 F.3d at 1149 (internal quotation marks and citations omitted). "[A] description of each copy, replete with an explication of its use, is not necessarily required to satisfy this burden." *Id.*

The court finds that Defendants have all met this low burden. The Hall Defendants and AWSF have sufficiently established that their copying costs were reasonably necessary in the course of the dozens of depositions, and nearly a dozen dispositive motions and accompanying hundreds of exhibits, in this case. USURF has also sufficiently established that its costs associated

18

with document review services were reasonably necessary to access and use the "well over half a million pages" that were produced in this case. Thus, the court affirms the Clerk's costs award related to copying costs and document review services.[8]

### 4) Kesselring Witness Fee

As previously noted, deposition costs are recoverable even if the deposition in question was not used in the resolution of the case, provided the costs were reasonably necessary for use in the case at the time they were incurred. *In re Williams*, 558 F.3d at 1149. To deny costs reasonably necessary at the time they were incurred simply because the deposition was not used in resolving the case would inequitably "penalize" the prevailing party for properly preparing the case. *Callicrate*, 139 F.3d at 1340. Additionally, under 28 U.S.C. § 1821(b):

> A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."

Further, 28 U.S.C. § 1821(c)(1)–(2) provides that a witness may also receive travel expenses and a subsistence allowance set by the Administrator of General Services.

Here, the court finds that Defendants have sufficiently established that William Kesselring's witness fees were reasonably necessary. Given how closely Mr. Kesselring worked with GeoMet as an investor and to help GeoMet raise money, it appears that he was a necessary

---

[8] Defendants collectively argue in their Response that their forensic imaging fees were reasonable and necessary. ECF No. 1008 at 28–29. However, the court notes that the Clerk disallowed AWSF's and the Hall Defendants' forensic imaging fees, only awarding USURF costs for "uploading electronic files." ECF No. 997 at 6. Since Defendants have stated that they do not object to the Clerk's cost award, this court will disregard Defendants' arguments related to AWSF's and the Hall Defendants' forensic imaging fees and only consider USURF's arguments related to its document review services fees.

witness. Additionally, it appears as though the fees are reasonable, as Defendants elected to fly Mr. Kesselring to Salt Lake City, have him stay in a hotel there for his deposition, and split the cost amongst themselves rather than spending significantly more money in having multiple attorneys fly to and stay overnight in Mr. Kesselring's home state of Oregon. The Clerk reduced the costs associated with this fee because the hotel costs exceeded the subsistence allowance set by the Administrator of General Services. Since Defendants raise no objection to this reduction in costs, the court will affirm the Clerk's award.

## CONCLUSION AND ORDER

For the foregoing reasons, GeoMet's Motion for Review of Taxation of Costs is DENIED, and the Clerk's Taxation of Costs is AFFIRMED. Accordingly, the USURF Defendants are awarded costs in the amount of $86,356.98; the AWSF Defendants are awarded costs in the amount of $64,396.41; and the Hall Defendants are awarded costs in the amount of $54,397.26.

DATED November 9, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge