IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **GEOMETWATCH CORPORATION, a** Nevada corporation, <br><br>**Plaintiff,**<br><br>v.<br><br>**ALAN E. HALL, an individual; et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:14-cv-00060-JNP-JCB**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are: (1) GeoMetWatch Corporation's ("GeoMetWatch") two motions to stay enforcement of judgment;[2] (2) Robert T. Behunin, Curtis Roberts, and Utah State University Research Foundation dba Space Dynamics Laboratory's (collectively, "USURF Defendants") motion for writ of execution;[3] (3) Utah State University Advanced Weather Systems Foundation ("AWSF") and Scott Jensen's (collectively, "AWSF Defendants") motion for writ of execution[4] and amended motion for writ of execution;[5] and

---

[1] ECF No. 1024.

[2] ECF Nos. 1025, 1028.

[3] ECF No. 1026.

[4] ECF No. 1027.

[5] ECF No. 1030.

(4) Alan E. Hall, Island Park Group of Companies, LLC, and Tempus Global Data, Inc.'s (collectively, "Hall Defendants") motion for writ of execution.[6] The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court has concluded that oral argument is not necessary and, therefore, decides the motions on the written memoranda. Based upon the analysis set forth below, the court: (1) denies GeoMetWatch's two motions to stay enforcement of judgment, (2) orders GeoMetWatch to post a bond in the full amount of the Final Judgment and taxed costs to obtain a stay, and (3) defers ruling on the motions for writs of execution.

## BACKGROUND

On August 6, 2019, the court entered a Final Judgment against GeoMetWatch and in favor of all defendants in this case on all claims asserted in GeoMetWatch's operative third amended complaint.[7] The Final Judgment included a monetary judgment in favor of AWSF and against GeoMetWatch for $39,030.44.[8] GeoMetWatch appealed the Final Judgment to the United States Court of Appeals for the Tenth Circuit on September 3, 2019.[9] GeoMetWatch neither posted a bond nor sought to stay the Final Judgment until it filed the motions to stay enforcement of judgment currently before the court.

---

[6] ECF No. 1023.

[7] ECF No. 954.

[8] *Id.*

[9] ECF No. 965.

On August 20, 2019, the USURF Defendants, the AWSF Defendants, and the Hall Defendants each filed a bill of costs and a supporting memorandum.[10] GeoMetWatch objected to those bills of costs on September 3, 2019.[11] After the USURF Defendants, the AWSF Defendants, and the Hall Defendants each filed a reply memorandum,[12] the Clerk of the Court entered a Taxation of Costs on November 5, 2019.[13] Although some of the claimed costs were disallowed, the Clerk of the Court ultimately awarded costs totaling $86,356.98 to the USURF Defendants, $64,396.41 to the AWSF Defendants, and $54,397.26 to the Hall Defendants.[14] The Taxation of Costs specifically states that the "cost awards are included in the Judgment."[15] GeoMetWatch moved for a review of the Taxation of Costs on December 24, 2019.[16] On November 9, 2020, the court denied GeoMetWatch's motion and affirmed the Taxation of Costs.[17]

In late-January and early-February 2021, the USURF Defendants, the AWSF Defendants, and the Hall Defendants filed their respective motions for writs of execution seeking to execute

---

[10] ECF Nos. 957-58 (USURF Defendants), 959-60 (AWSF Defendants), 963-64 (Hall Defendants).

[11] ECF No. 969.

[12] ECF Nos. 986-88.

[13] ECF No. 997.

[14] *Id*. at 7-8.

[15] *Id*. at 8.

[16] ECF No. 1015.

[17] ECF No. 1020.

on the cost awards imposed by the Taxation of Costs.[18]  The AWSF Defendants later filed an amended application for a writ of execution to execute not only on their cost award but also on the monetary judgment from the Final Judgment.[19]

In response to those motions, GeoMetWatch filed its two motions to stay enforcement of judgment.[20]  On February 11, 2021, the USURF Defendants, the AWSF Defendants, and the Hall Defendants filed a joint opposition to GeoMetWatch's motions.[21]  GeoMetWatch filed its reply on March 4, 2021.[22]

## ANALYSIS

Before determining whether the USURF Defendants, the AWSF Defendants, and the Hall Defendants are entitled to writs of execution, the court addresses GeoMetWatch's two motions to stay enforcement of judgment.  Based upon the following analysis, the court: (I) denies GeoMetWatch's motions, (II) orders that GeoMetWatch must post a bond for the full amount of the Final Judgment and taxed costs to obtain a stay, and (III) defers ruling on the motions for writs of execution.

**I.    GeoMetWatch's Motions to Stay Enforcement of Judgment Are Denied.**

GeoMetWatch's motions argue that: (A) the court cannot issue the writs of execution until the Taxation of Costs is reduced to a monetary judgment, and (B) the writs of execution

---

[18] ECF Nos. 1023, 1026-27.

[19] ECF No. 1030.

[20] ECF Nos. 1025, 1028.

[21] ECF No. 1032.

[22] ECF No. 1035.

should be stayed while the parties brief the issue of the appropriate "bond or other security."[23] The court addresses those arguments in turn below and rejects them and, consequently, denies both of GeoMetWatch's motions. Accordingly, GeoMetWatch must post a bond for the full amount of the Final Judgment and taxed costs to obtain a stay of enforcement pending the resolution of GeoMetWatch's appeal.

### A.     The Taxation of Costs Does Not Need to Be Reduced to a Monetary Judgment in Order to Be Enforced.

GeoMetWatch argues that the Taxation of Costs must be reduced to a monetary judgment before the writs of execution can issue. However, the Supreme Court stated that there is "[a] sharp distinction between" the entry of judgment under Fed. R. Civ. P. 58 and taxation of costs under Fed R. Civ. P. 54(d) and that the taxation of costs under Fed. R. Civ. P. 54(d) "raises issues wholly collateral to the judgment in the main cause of action."[24] Fed. R. Civ. P. 58(e) provides that "[o]rdinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs . . . ." Thus, Rule 58 "recognizes that the entry of judgment and the taxation of costs are entirely separate legal acts and that the former is not to be delayed to await the latter."[25] Further, Rule 58 "attempts to divorce the process of entering judgment from that of determining

---

[23] Fed. R. Civ. P. 62(b).

[24] *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988).

[25] 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2781 (3d ed.) (footnotes omitted); *see also Bustamante v. Bd. of Cnty. Comm'rs of San Miguel Cnty.*, Civ. No. 08-315 JP/WPL, 2010 WL 11623495, at *2 (D.N.M. Mar. 24, 2010); *Maryland Cas. Co. v. Jacobson*, 37 F.R.D. 427, 430 (W.D. Mo. 1965).

and assessing the costs."[26]  Because taxing costs is a separate legal act and collateral to entry of judgment, the Taxation of Costs does not require a separate entry of judgment in order to be enforced.[27]

        **B.**    **The Court Will Not Permit Further Briefing on the Issue of the Required Bond or Other Security.**

GeoMetWatch contends that the writs of execution should be stayed while the parties brief the issue of the appropriate "bond or other security."[28]  GeoMetWatch maintains that it has the right to present evidence and argument concerning the bond or other security.  For the following reasons, the court will not permit further briefing on that issue.

Although GeoMetWatch is correct that it has a right to present evidence and argument regarding the bond or other security, it fails to explain why it did not present any such evidence and argument as part of its motions to stay enforcement of judgment, as parties typically do when seeking such a stay.[29]  Instead of doing so—and after waiting months to seek a stay—

---

[26] 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2679 (4th ed.); *see also Buchanan,* 485 U.S. at 268.

[27] *Buchanan,* 485 U.S. at 268; *Bustamante,* 2010 WL 11623495, at *2 ("[T]axed costs . . . are a collateral matter and do not provide a basis for 'judgment' subject to entry by the Court under Rule 58(a).").

[28] Fed. R. Civ. P. 62(b).

[29] *See, e.g.*, *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-CV-00032-RJS, 2020 WL 4904188, at *1 (D. Utah Aug. 20, 2020) (providing that the appellants requested a specific amount for a reduced bond and submitted declarations along with their motion to stay execution of judgment); *United Sec. Fin. Corp. v. Howard Bank*, No. 2:14-CV-00066, 2018 WL 9485031, at *1 (D. Utah Oct. 19, 2018) (providing that the appellant requested a reduced bond or alternate security as part of its motion to stay); *Advanced Recovery Sys., LLC v. Am. Agencies, LLC*, No. 2:13CV283DAK, 2018 WL 344962, at *2 (D. Utah Jan. 9, 2018) (providing that the appellants submitted declarations along with their motion to stay); *Farm*

GeoMetWatch now seeks additional briefing on that issue, which would delay even further the requirement of posting a bond or other security. The court is unwilling to permit that approach. By way of example, a party cannot move to dismiss and, in that motion, request the opportunity to further brief the reasons for dismissing the action. DUCivR 7-1 requires a motion to contain a party's arguments in support of the motion.[30] Therefore, GeoMetWatch's two motions to stay enforcement of judgment are denied.

## II. GeoMetWatch Must Post a Bond for the Full Amount of the Final Judgment and Taxed Costs to Obtain a Stay.

If GeoMetWatch wants a stay, it must pay for it. Fed. R. Civ. P. 62(b) provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." "The purpose of requiring a supersedeas bond pending appeal 'is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency.'"[31]

---

*Bureau Life Ins. Co. v. Am. Nat. Ins. Co.*, No. 2:03 CV 646 (TC), 2009 WL 961171, at *1 (D. Utah Apr. 8, 2009) (providing that the appellants requested a reduction in or waiver of the bond requirement).

[30] DUCivR 7-1(a)(1)(A)-(B) (requiring a motion to contain "an initial separate section stating succinctly the precise relief sought and the specific grounds for the motion" and "one or more additional sections *including a recitation of relevant facts, supporting authority, and argument*" (emphasis added)).

[31] *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996) (quoting *Grubb v. Fed. Deposit Ins. Corp.*, 833 F.2d 222, 226 (10th Cir. 1987)); *see also Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986); *United Sec. Fin. Corp.*, 2018 WL 9485031, at *1; *Advanced Recovery Sys., LLC*, 2018 WL 344962, at *1; *Farm Bureau Life Ins. Co.*, 2009 WL 961171, at *1.

> [A] supersedeas bond acts as a guarantee that the appellee will be able to obtain satisfaction of the judgment if the appellant is unsuccessful on appeal. The appellee should not have to undertake the risk that the appellant's financial situation will deteriorate while appellant's appeal is pending. The appellee won in the district court. In fairness it should be able to obtain immediate protection for the full amount that may ultimately be due if the appellant opts to withhold immediate payment while exercising its appellate rights.[32]

Given the foregoing, "[i]n most circumstances, a court sets the amount of the bond to cover the full judgment, including costs, interests, and damages for delay."[33] "A court has discretion to waive or reduce the bond requirement," but may do so only in "unusual circumstances."[34] Consequently, most "courts are simply unwilling to accept a bond that represents less than the full amount of assessed judgment."[35] "The appealing party has the burden of demonstrating objectively that posting a full bond is impossible or impractical."[36]

Here, the court sees no reason to depart from the normal rule that the amount of the bond be set at the full amount of the Final Judgment and taxed costs, or $244,181.09. As noted above, despite having the opportunity through its motions to stay to submit evidence and request a

---

[32] *Farm Bureau Life Ins. Co.*, 2009 WL 961171, at *1 (quotations and citation omitted); *see also Advanced Recovery Sys., LLC*, 2018 WL 344962, at *1.

[33] *Farm Bureau Life Ins. Co.*, 2009 WL 961171, at *1; *see also Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006); *Olcott*, 76 F.3d at 1559; *Miami Int'l Realty Co.*, 807 F.2d at 873; *United Sec. Fin. Corp.*, 2018 WL 9485031, at *1; *Advanced Recovery Sys., LLC*, 2018 WL 344962, at *1.

[34] *Farm Bureau Life Ins. Co.*, 2009 WL 961171, at *1; *see also Miami Int'l Realty Co.*, 807 F.2d at 873; *Advanced Recovery Sys., LLC*, 2018 WL 344962, at *1.

[35] *Farm Bureau Life Ins. Co.*, 2009 WL 961171, at *1 (citing cases); *see also Advanced Recovery Sys., LLC*, 2018 WL 344962, at *1.

[36] *Farm Bureau Life Ins. Co.*, 2009 WL 961171, at *1; *see also Advanced Recovery Sys., LLC*, 2018 WL 344962, at *1.

reduction of the full bond requirement or the ability to post alternate security, GeoMetWatch failed to do so. As such, it has not demonstrated, or even identified, any unusual circumstances that would persuade the court to accept any security other than a bond in the full amount of the Final Judgment and taxed costs. Therefore, in order to obtain a stay, GeoMetWatch must post a bond in the amount of $244,181.09 on or before April 20, 2021.

### III.  The Court Defers Ruling on the Motions for Writs of Execution Filed by the USURF Defendants, the AWSF Defendants, and the Hall Defendants.

In order to provide GeoMetWatch with a short amount of time to post the required bond, the court defers ruling on the motions for writs of execution. If GeoMetWatch timely posts the bond, the Final Judgment and taxed costs will be stayed pending the resolution of GeoMetWatch's appeal, and the court will deny the motions for writs of execution without prejudice. If, on the other hand, GeoMetWatch fails to timely post the bond, the court will grant those motions and issue the writs of execution.

### **CONCLUSION AND ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. GeoMetWatch's motions to stay enforcement of judgment[37] are denied.
2. To obtain a stay, GeoMetWatch must post a bond for the full amount of the Final Judgment and taxed costs, or $244,181.09, on or before April 20, 2021.

---

[37] ECF Nos. 1025, 1028.

3. The court defers ruling on the motions for writs of execution filed by the USURF Defendants,[38] the AWSF Defendants,[39] and the Hall Defendants.[40]

4. If GeoMetWatch posts the bond on or before April 20, 2021, the Final Judgment and taxed costs will be stayed pending the resolution of GeoMetWatch's appeal, and the court will deny without prejudice the motions for writs of execution filed by the USURF Defendants, the AWSF Defendants, and the Hall Defendants.

5. If GeoMetWatch fails to post the bond on or before April 20, 2021, the court will grant the motions for writs of execution filed by the USURF Defendants, the AWSF Defendants, and the Hall Defendants.

IT IS SO ORDERED.

DATED April 13, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[38] ECF No. 1026.

[39] ECF Nos. 1027, 1030.

[40] ECF No. 1023.